ESPINOSA, PETITIONER AND APPELLEE, *v.* BERRÍOS ET AL., CONTESTANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action for Declaration of Heirship.

No. 3290.—Decided June 9, 1924.

INHERITANCE—HEIRS—SURVIVING SPOUSE.—Section 11 of the Act of 1905 relative to forced heirs is not inconsistent with the provisions of sections 920 and 921 of the Civil Code. When there are brothers or nephews and no descendants or ascendants the surviving spouse is entitled to only half of the estate in usufruct; but when there are no descendants or ascendants, nor brothers or nephews, the surviving spouse takes the whole estate. Collateral heirs of the fifth and sixth degrees, the last recognized by the statute, are entitled to the estate only in the absence of descendants, ascendants, brothers, nephews and a surviving spouse.

The facts are stated in the opinion.

*Mr. F. Gallardo Díaz* for the appellants.

*Mr. L. Pereyó Quiñones* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On November 12, 1923, Catalino Berríos died while married to Primitiva Espinosa. On January 24, 1924, the widow petitioned the District Court of Humacao that she be declared the sole and universal heir of her husband because he had died without leaving any descendant, ascendant, brother, sister, nephew or niece. After the proceeding was begun appearance was entered and opposition was filed by Ricardo and Martín Berríos, relatives of Catalino in the sixth degree. The petitioner moved that the opposition be dismissed on the ground that the contestants had no rights whatever in the estate. The court heard both parties and for the reasons stated in a detailed opinion rendered judgment overruling the opposition and declaring Primitiva Espinosa, widow of Catalino Berríos, to be his sole and universal heir. From this judgment of February 11, 1924, the contestants took the present appeal, which was heard on May 29, 1924, the appellee making no appearance.

A single error is assigned by the appellants as follows:

"The court erred in holding that in an intestate inheritance when there are no ascendants or descendants the surviving spouse is entitled to the whole estate."

And it is contended that the only law applicable to this case is section 11 of the Act of 1905 relative to forced heirs, inasmuch as section 920 of the Civil Code on which the judgment is based was repealed in 1911. Said section 11 of the Act of 1905 reads as follows:

"If the testator should leave neither legitimate ascendants nor descendants, the surviving spouse shall be entitled to one-half of the estate also in usufruct."

In our opinion the assignment is without merit and the law was correctly applied by the trial court.

Title III of Book Third of the Civil Code of Porto Rico treats of *Successions.* Chapter I thereof refers to *Wills* and Chapter II to *Inheritances,* its provisions relating to testate succession. Chapter III refers to *Intestate Succession;*

Chapter IV treats of the *Order of succession according to diversity of lines;* Chapter V contains *Provisions common to inheritance by or without will,* and Chapter VI treats of *Collation and division.* The whole matter is thus regulated.

Chapter IV, which fixes the diversity of *lines,* contains five articles treating of the following matters: (1) Descending direct line; (2) ascending direct line; (3) acknowledged illegitimate children; (4) succession of collaterals and of spouses, and (5) the right of succession of The People of Porto Rico. Included in article 4 is section 920, which governs this case and reads as follows:

"Sec. 920.—In default of brothers and nephews, the surviving spouse shall succeed to all the property of the decedent, whether or not the sisters (*sic*) and nephews be of the whole blood or the half blood."

Section 921 is also included in the same article, reading as follows:

"Sec. 921.—Should there be neither brothers or sisters nor children of brothers or sisters nor a surviving spouse, the other collateral relatives shall succeed to the estate of the deceased.

"The succession of the latter shall follow without distinction of lines or preference among them by reason of the whole blood."

In 1905 the Legislative Assembly enacted and the Governor approved the "Act to amend and repeal articles 795, 796, 797, 801, 811, 812, 815, 821, 822, 823 and 824 of the Civil Code now in force." All of the sections repealed were included in Chapter II of Book Third which treats of *Inheritances* in special relation to testate succession.

In 1911 the Legislature passed Act No. 73 cited by the appellants. Its section 2 added to section 8 of the Act of 1905, *supra,* the following paragraph:

"The provisions of this section and of the subsequent sections 9, 10, 11, 12 and 13 of this Act, shall apply in like manner to the intestate as well as the testate succession."

The appellants admit that sections 920 and 921 of the

Revised Civil Code have not been expressly repealed, but contend that they were tacitly repealed by section 4 of Act No. 73 of 1911, as follows: "That Sections 198 and 199 of the Civil Code and any other law in conflict with this Act be and are hereby repealed." Their reasoning is that these sections are in conflict with section 11 of the Act of 1905, which applies both to testate and intestate successions.

In our opinion there is no such conflict. Both the provisions of sections 920 and 921 and those of section 11 should and can be harmonized.

Analyzing Article 4 of Chapter IV of Book Third of the Civil Code, which treats of *Successions of collaterals and of spouses,* it will be seen that it begins with section 914 which reads as follows:

"Sec. 914.—In the absence of the persons included in the three preceding articles, the collateral relatives and the spouses shall inherit in the order established in the following sections."

It will be recalled that we have said that the three preceding articles of Chapter IV treat of the descending direct line, the ascending direct line, and acknowledged illegitimate children. The sections following section 914, or sections 915 to 919, govern the rights of collaterals of the third and fourth degrees—brothers, sisters, nephews and nieces —and then comes section 920 which gives preference to the surviving spouse over collateral heirs of the fifth and sixth degrees, and section 921 which regulates the rights of "the other collateral relatives" when there are ";neither brothers or sisters nor children of brothers or sisters nor a surviving spouse."

Article four of Chapter IV provided nothing in case there were both collateral relatives of the third and fourth degrees and a surviving spouse, and section 11 of the Act of 1905 supplied this omission. When there are brothers, sisters, nephews or nieces but no descendants or ascendants the surviving spouse is entitled only to the usufruct of one-half of ·

the estate; but when there are no descendants, ascendants, brothers, sisters, nephews or nieces the surviving spouse takes the whole estate. Collateral heirs of the fifth and sixth degrees, who are the most remote relatives recognized by the law, are entitled to the estate only in the absence of descendants, ascendants, brothers, sisters, nephews, nieces and a surviving spouse.

Such being the case, the appeal must be dismissed and the judgment

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.